UNITED STATES CIRCUIT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| JEFFREY FULKERSON, <br><br>      *Plaintiff,* <br><br> v. <br><br> KEEGAN KIRKPATRICK, <br><br> and <br><br> BRIAN VOILS, <br><br>      *Defendants.* | No.   3:23-cv-520-RGJ <br><br> *JURY TRIAL DEMANDED* |

**COMPLAINT**

Plaintiff, Jeffrey Fulkerson ("Fulkerson"), for their Complaint against Defendant, Deputy Keegan Kirkpatrick ("Deputy Kirkpatrick"), in his individual capacity, and Defendant, Sergeant Brian Voils ("Sgt. Voils"), in his individual capacity, hereby states as follows:

**NATURE OF THE CASE**

1. This case is about a Nelson County Sheriff deputy's blatant assault, and his sergeant's attempt to cover it up. Deputy Kirkpatrick punched Jeffery Fulkerson while he was handcuffed and flanked on either side by other officers. Immediately after the assault, and in an attempt to cover it up, Sgt. Voils threatened to charge Fulkerson with falsifying

a police report if he made a formal complaint concerning the assault. Unfortunately for Deputy Kirkpatrick and Sgt. Voils, the incident was caught on home surveillance cameras.

2.    Fulkerson brings this action to hold Defendants accountable for their misconduct and to put an end to the pattern and practice of police brutality in Nelson County.

3.    Fulkerson seeks damages from Defendants for: use of excessive force in violation of the Fourth Amendment to the United States Constitution; supervisory liability pursuant to *Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016); battery in violation of Kentucky common law; and negligent supervision and training in violation of Kentucky common law.

## JURISDICTION AND VENUE

4.    Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

5.    This action is brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and Federal and Kentucky common law. The Court has jurisdiction over Fulkerson's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplementary jurisdiction over Fulkerson's state law claims pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Fulkerson's claims occurred in Nelson County, Kentucky, and all Defendants are subject to personal jurisdiction in this district.

**PARTIES**

7.     Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

8.     Plaintiff, Jeffrey Fulkerson, is and was at all relevant times a resident of Nelson County, Kentucky.

9.     Defendant, Deputy Kirkpatrick, is and was at all relevant times a resident of Larue County, Kentucky, and is an employee of the Nelson County Sheriff's Office. Deputy Kirkpatrick is sued in his individual capacity.

10.     Defendant, Sgt. Voils, is and was at all relevant times, a resident of Nelson County, Kentucky, and is and was an employee for Nelson County. Sgt. Voils is sued in his individual capacity.

**STATEMENT OF FACTS**

11.     Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

12.     On or about October 16, 2022, Deputy Kirkpatrick, with other Nelson County Sheriff Deputies, were dispatched to Fulkerson's home in regard to a nonviolent offense.

13.     After arriving at Fulkerson's home, the Deputies arrested Fulkerson and cuffed his hands behind his back.

14.     As he was being escorted out of the residence by multiple officers, Fulkerson began to ask the officers why he was being arrested.

15.     Once outside his home, Fulkerson continued to question Deputy Jewell about why he was being arrested.

16. Deputy Kirkpatrick was standing outside of the residence as Fulkerson exited.

17. Deputy Kirkpatrick began speaking over Fulkerson telling him to stop talking.

18. Fulkerson then asked Deputy Kirkpatrick for his name.

19. Deputy Kirkpatrick continued to talk over Fulkerson, at which time Fulkerson raised his voice to ask again for Deputy Kirkpatrick's name.

20. At this time, Fulkerson was in handcuffs and surrounded by officers.

21. Fulkerson was standing at a safe distance from Deputy Kirkpatrick, well out of striking distance.

22. Fulkerson asked Deputy Kirkpatrick for his name again, at which point Deputy Kirkpatrick responded "Dude!" Fulkerson then said "fuck you, you're on my property" at which point Deputy Kirkpatrick paused for a moment and then assaulted Fulkerson.

23. Deputy Kirkpatrick rushed Fulkerson, punched him in the gut, and tackled Fulkerson to the ground.

24. At the time of the assault, and throughout his entire interactions with law enforcement, Fulkerson presented no threat to himself, the officers, or property. His hands were cuffed behind his back and he was controlled by the other officers on scene.

25. Deputy Kirkpatrick's assault on Fulkerson caused him to hit his head on some machinery.

26. The entire encounter was captured on Fulkerson's home surveillance camera.

27.    After the assault, but still on scene, Fulkerson requested to file a complaint against Deputy Kirkpatrick.

28.    But Sgt. Voils, who was also on scene, told Fulkerson that he would be charged with falsifying a police report if he filed a complaint against Deputy Kirkpatrick.

29.    Under fear of further prosecution and retaliation, Fulkerson did not file a formal complaint.

30.    Despite multiple deputies and his sergeant being aware of the assault, Deputy Kirkpatrick has not been disciplined, he has not been admonished, and he has not been taken off active duty.

31.    After being arrested and taken to Nelson County Detention Center, Fulkerson suffered, as told to him by the jail staff, a seizure.

32.    As a direct and proximate result of the Defendants' conduct, Fulkerson suffered, and will continue to suffer, severe physical, mental, and emotional pain and suffering. Fulkerson also suffered embarrassment and humiliation.

33.    At all relevant times, Deputy Kirkpatrick used unreasonable and excessive force on Fulkerson.

34.    Other deputies were present at the time of the assault and witnessed Deputy Kirkpatrick exert unreasonable and excessive force on the Fulkerson.

35.    Sgt. Voils' was aware of Deputy Kirkpatrick's use of excessive force and intentionally interfered with any investigation and threatened to charge Fulkerson with false charges if Fulkerson complained.

36.    Both Deputy Kirkpatrick's assault, and Sergeant Voil's threats of retaliation and malicious prosecution, were performed under the color of state law.

## CAUSES OF ACTION

### CAUSE OF ACTION NO. 1
### Section 1983 Excessive Force Against Deputy Kirkpatrick

37.     Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

38.     At all relevant times, the conduct of Deputy Kirkpatrick was within the purview of 42 U.S.C. § 1983.

39.     In violation of his clearly established Fourth Amendment rights, Deputy Kirkpatrick subjectively and objectively used unreasonable and excessive force against Fulkerson on October 16, 2022, when, without provocation and without a legitimate justification, he punched a handcuffed Fulkerson in the stomach and tackled him to the ground.

40.     Deputy Kirkpatrick's excessive force was a direct result and proximate cause of Fulkerson's injuries and claimed damages herein.

41.     Deputy Kirkpatrick's actions on October 16, 2022 were performed under the color of state law, and violated Fulkerson's clearly established Fourth Amendment rights.

42.     Deputy Kirkpatrick knew he was violating Fulkerson's clearly established Fourth Amendment rights as he was doing so.

43.     Deputy Kirkpatrick's conduct was willful and exhibited flagrant disregard for Fulkerson's federally secured rights under the United States Constitution. Accordingly, Deputy Kirkpatrick is liable to Fulkerson under 42 U.S.C. § 1983.

44.    At all relevant times, Deputy Kirkpatrick acted with evil motive or intent, or at minimum, with a reckless or callous indifference to the federally protected rights of Fulkerson, such that punitive damages are warranted.

## CAUSE OF ACTION NO. 2
### Section 1983 Supervisory Liability Against Sgt. Voils

45.    Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

46.    At all relevant times, the conduct of Sgt. Voils was within the purview of 42 U.S.C. § 1983.

47.    Sgt. Voils authorized, encouraged, and caused Deputy Kirkpatrick's violations of Fulkerson's Fourth Amendment Rights by refusing to investigate Deputy Kirkpatrick, by refusing to punish Deputy Kirkpatrick's misconduct, by refusing to properly supervise Deputy Kirkpatrick to prevent misconduct, and by actively threatening to improperly charge Fulkerson with a crime if he complained about Deputy Kirkpatrick's misconduct.

48.    Sgt. Voils' actions were a direct and proximate cause of Fulkerson's injuries and claimed damages herein.

49.    Sgt. Voils' actions were performed under the color of state law and violated Fulkerson's Fourth Amendment right to be free from excessive force.

50.    Sgt. Voils' conduct exhibited flagrant disregard for Fulkerson's federally secured rights under the United States Constitution. Accordingly, Sgt. Voils is liable to Fulkerson under 42 U.S.C. § 1983.

51.  At all relevant times, Sgt. Voils acted with evil motive or intent, or at minimum, with a reckless or callous indifference to the federally protected rights of Fulkerson, such that punitive damages are warranted.

## CAUSE OF ACTION NO. 3

**Defendants' Conspiracy to Violate Fulkerson's Rights Guaranteed by Fourth Amendment of the United States Constitution**

52.  Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

53.  At all relevant times, the conduct of Defendants was within the purview of 42 U.S.C. § 1983.

54.  In violation of Fulkerson's clearly established Fourth Amendment rights, Defendants conspired together to prevent Fulkerson from filing a complaint against Deputy Kirkpatrick. In doing so, Defendants intentionally deprived Fulkerson his constitutional rights.

55.  Defendants acted in concert together and created a single plan to try to violate Fulkerson's clearly established Fourth Amendment rights.

56.  Deputy Kirkpatrick made overt acts to deprive Fulkerson of his constitutional rights by using excessive force on Fulkerson with the knowledge and understanding that Deputy Kirkpatrick's supervisors would protect him from complaints.

57.  Sgt. Voils made overt acts to deprive Fulkerson of his constitutional rights by threatening to charge Fulkerson with false charges were Fulkerson to complain about Deputy Kirkpatrick's misconduct.

58.  Defendants' actions were all committed in furtherance of the conspiracy to deprive Fulkerson of his constitutional rights.

8

59. Defendants' conspiracy was a direct and proximate cause of Fulkerson's injuries and claimed damages herein.

60. Defendants' actions described herein were performed under the color of state law, and violated Fulkerson's clearly established Fourth Amendment rights.

61. Defendants knew they were violating Fulkerson's clearly established Fourth Amendment rights as they were doing so.

62. Defendants' conduct was willful and exhibited flagrant disregard for Fulkerson's federally secured rights under the United States Constitution. Accordingly, Defendants are liable to Fulkerson under 42 U.S.C. § 1983.

63. At all relevant times, Defendant acted with evil motive or intent, or at minimum, with a reckless or callous indifference to the federally protected rights of Fulkerson, such that punitive damages are warranted.

### CAUSE OF ACTION NO. 4
### Battery Against Deputy Kirkpatrick

64. Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

65. As described above, Deputy Kirkpatrick unlawfully touched Fulkerson without consent.

66. That touching was made in a harmful, offensive, and unlawful manner that resulted in direct harm to Fulkerson.

67. Deputy Kirkpatrick's conduct constitutes a battery.

68. Deputy Kirkpatrick's unlawful touching of Fulkerson was a direct and proximate cause of Fulkerson's injuries and claimed damages herein.

69.   At all relevant times, Deputy Kirkpatrick acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Fulkerson, such that punitive damages are warranted.

**CAUSE OF ACTION NO. 5**
**Negligent Supervision & Training Against Sgt. Voils**

70.   Fulkerson adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

71.   Sgt. Voils had a duty to properly train and supervise Deputy Kirkpatrick in the exercise of his municipal duties.

72.   Sgt. Voils failed to properly train and supervise Deputy Kirkpatrick herein, resulting in Fulkerson's damages.

73.   By the acts and omissions of Deputy Kirkpatrick, it is evident that Sgt. Voils failed to properly train and supervise its Deputy Kirkpatrick with regard to unnecessary use of force, thereby causing Fulkerson's injuries and damages.

74.   Sgt. Voils failure to properly train and supervise Deputy Kirkpatrick was the direct and proximate cause of Fulkerson's injuries and damages.

75.   At all relevant times, Sgt. Voils acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Fulkerson, such that punitive damages are warranted.

WHEREFORE, Plaintiff, Jeffrey Fulkerson, respectfully demands the following:

A.   Judgment against Defendants for a reasonable sum to compensate Fulkerson for their injuries and damages caused by Defendants' conduct, including past and future pain and suffering, embarrassment and humiliation, past and future medical expenses, and all other damages recoverable by law;

B.      Trial by jury;

C.      Attorney's fees, costs, pre-judgment interest, and post-judgment interest, pursuant to 42 U.S.C. § 1988;

D.      Punitive damages, as permitted by law; and

E.      Any and all additional relief to which Fulkerson appears entitled.

Respectfully Submitted,

/s/ *Michael Smith*
Michael Smith
James Russell
RUSSELL SMITH, PLLC
611 W. Main St.
Suite 202
Louisville, KY 40202
(502) 874-4444
msmith@russellsmithattorneys.com
jrussell@russellsmithattorneys.com
*Counsel for Plaintiff*